IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND

ANN FITZWATER, on *her own behalf*
*and on behalf of all others similarly situated*,
407 Braddock Ave.
Frederick, MD  21701

       Plaintiff,

    v.                                        Case No. _____

BETHESDA FUNDING LLC
200 E. Joppa Road, Suite 301
Towson, MD  21286
    Serve On:
    Michael Fradkin, Resident Agent
    200 E. Joppa Rd., Suite 301
    Towson, MD  21286

       Defendant.

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff Ann Fitzwater ("Named Plaintiff" or "Plaintiff"), on her own behalf and on behalf of all others similarly situated, through counsel, Scott C. Borison, Phillip Robinson, and Janet Legg of Legg Law Firm, LLC and Douglas B. Bowman, file this Class Action Complaint and Demand for Jury Trial and for cause state:

2.    The Named Plaintiff has filed this complaint against the Defendant, Bethesda Funding LLC ("Bethesda Funding"), because Bethesda Funding acted as a debt collector in the State of Maryland without a license. The Defendant knew or should have

-1-

known that it was required to obtain a license to conduct debt collection activities in this state. Despite knowledge that it needed a license, Defendant continued to actively act as a debt collector throughout all relevant periods of this complaint adverse to the Plaintiff and all class members.

## PARTIES

3. Plaintiff Fitzwater is a resident of Maryland. Bethesda Funding actively sought to collect certain alleged debts from her using the courts of the State of Maryland to accomplish its aim.

4. Bethesda Funding is a corporation and regularly conducts business throughout the State of Maryland and in Frederick County, Maryland.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case under Md. Cts. & Jud. Pro. § 6-103(b), because Bethesda Funding transacts business and performs work and provides services in Maryland, regularly does and solicits business in Maryland, and engages in other persistent courses of debt collection conduct in Maryland including hundreds of debt collection actions filed in the last three years in the City of Baltimore as well as Frederick, Montgomery, Baltimore, Anne Arundel, Prince George's, and Washington counties and other local jurisdictions.

6. Venue is proper in this Court under Md. Cts. & Jud. Pro. § 6-201, because Bethesda Funding carries on regular business in Frederick County, Maryland.

## FACTUAL ALLEGATIONS

7. On or about May 29, 2009, Defendant filed an action against the Plaintiff in the District Court of Maryland for Frederick (Case no. 110100031662009) ("District Court Case"). This action was part of Bethesda Funding's routine debt collection business practices in Maryland.

8. Defendant, Bethesda Funding is an entity with offices in the State of Maryland. According to filing in the District Court case, Bethesda Funding's office is located at 200 E. Joppa Road, Suite 301, Towson, MD 21286

9. Bethesda Funding is registered as a corporation registered with the Maryland State Department of Assessments and Taxation since March 2006 doing business in the State of Maryland.

10. The Defendant is engaged in the business of attempting to collect debts in the State of Maryland. The debts that are pursued by Defendant Bethesda Funding are debts that have been allegedly acquired by Bethesda Funding after the debts are in default and are no longer legally enforceable obligations.

11. Bethesda Funding does not hold a current or even an expired license to act as a debt collection agency in the State of Maryland.

12. Defendant Bethesda Funding is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

13. Defendant Bethesda Funding is a "collector" as defined by the Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Annotated Code, Commercial

Law Article, § 14-201(b).

14. Bethesda Funding first contacted Plaintiff in 2009 relating to an alleged debt that Bethesda Funding claimed to own by virtue of an assignment of the alleged debt. The contact included a lawsuit filed in the District Court action.

15. At no time did Bethesda Funding provide the Plaintiff with a written notice that she had the right to request verification of the debt, dispute the debt or the other notices required by the FDCPA, 15 U.S.C. § 1692g.

16. Under § 7-301 of the Maryland Business Regulations Article, a person must have a license to do business as a collection agency in the State of Maryland.

17. The Defendant does not hold a license to act as a debt collection agency in the State of Maryland.

18. Defendant has and continues to act as a debt collection agency in Maryland.

19. Defendant willfully and knowingly acted as a debt collection agency in Maryland without a license. The Defendant and all persons are presumed to know the law.

20. Given its unlawful actions, Defendant will not qualify for a license to act as a debt collection agency in Maryland since it has failed to act honestly, fairly, in good faith, or equitably in compliance with Maryland law.

## CLASS ALLEGATIONS

21. Plaintiff brings the claims below on behalf of a class of all other persons

-4-

similarly situated.

22. The class is comprised of all persons in the State of Maryland, who within three years prior to the filing of the initial complaint, were contacted by the Defendant in connection with any effort to collect a debt.

23. Upon information and belief, the class is so numerous as to make it impracticable to join all members of the class. On information and belief the class includes tens if not hundreds of individuals. These beliefs are based upon a public records search of debt collection actions filed in Maryland Courts by the Defendant.

24. There are questions of law and fact which are common to all members of the class, including:

a. Whether the Defendant has acted as a debt collection agency in the State of Maryland;

b. Whether the Defendant is licensed to act as a debt collection agency in Maryland.

c. Whether the Defendant should be enjoined from continuing to act as a debt collection agency without a license.

d. Whether the Defendant should be ordered to disgorge money that it has wrongfully collected as a debt collection agency when it was not licensed to act as a debt collection agency.

25. The only individual questions concern the identification of class members

and who is entitled to any funds that the Defendant is ordered to disgorge as the fruit of its unlawful activities. This information can be determined by a ministerial examination of the Defendant's business records, which are admissible as an exception to the hearsay rule and as an admission by a party.

26. Plaintiff's claims are typical of the claims of the class members.

27. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. She is similarly situated with, and has suffered similar injuries as, the members of the class she seeks to represent. She feels that the Defendant has acted wrongfully, wishes to obtain redress of the wrong, and wants Defendant stopped from perpetrating similar wrongs on others. To that end, Plaintiff has retained counsel experienced in handling class action suits involving unfair business practices that affect consumers. The named Plaintiff, nor her counsel, has any adverse interest which might cause them not to vigorously pursue this action.

28. Defendant by acting as a debt collection agency without a license has acted on grounds generally applicable to the class.

## COUNT I
## CLASS DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF BASED ON ENGAGING IN COLLECTION ACTIVITIES WITHOUT A LICENSE

29. Plaintiff incorporates the foregoing allegations.

30. Plaintiff seeks a declaration on her behalf and on behalf of the class that the

Defendant has acted unlawfully by acting as a debt collection agency.

31.  Defendant should be enjoined from continuing to act as a debt collection agency in the State of Maryland.

32.  Defendant should be ordered to disgorge all amounts that it has obtained while acting illegally as a debt collection agency without a license.

WHEREFORE, Plaintiff and Class Members pray that this court:

a. Certify this case as a class action with the named plaintiff as class representative and her attorneys as counsel on behalf of the class described herein;

b. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction;

c. Order the defendant disgorge all amounts collected from the class while the defendant acted as a debt collection agency without a license;

d. Award reasonable attorney's fees, litigation expenses and costs;

e. Order appropriate declaratory relief; and

f. Provide such other or further relief as the Court deems appropriate.

01/21/2010 12:38   4104940331   FRADKIN&WEBER, P.A.   PAGE 11/15

## COUNT II
## CLASS CLAIM FOR VIOLATION OF THE MCDCA
## FOR ENGAGING IN COLLECTION ACTIVITIES
## WITHOUT A LICENSE

33. Plaintiff incorporates the foregoing allegations

34. Defendant has acted as a debt collector when it is not licensed to do so.

35. Defendant has filed lawsuits against Plaintiff and other class members seeking to recover debts that are not legally enforceable.

36. The actions as a debt collector, when it is not licensed to take such actions, violates § 14-202 (8) which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist".

37. The filing of lawsuits on debts that are not legally enforceable also violates § 14-202 (8).

38. The defendant's actions violate the MCDCA.

39. The Plaintiff and other class members have been damaged by the Defendant's actions.

WHEREFORE, Plaintiff and Class Members pray that this court:

a. Certify this case as a class action with the named plaintiff as class representative and her attorneys as counsel on behalf of the class described herein;

b. Grant a money judgment in favor of the Plaintiff and the Class for

-8-

violations of the MCDCA in such amount as to be determined at trial and for purposes of a sum certain, subject to further discovery as to the size of the class, the amount sought on behalf of the class is $10,000,000.00;

c. Award reasonable attorney's fees, litigation expenses and costs;

d. Provide such other or further relief as the Court deems appropriate.

## COUNT III
## CLASS CLAIM FOR VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT ("MCPA") FOR ENGAGING IN COLLECTION ACTIVITES WITHOUT A LICENSE

40. Plaintiff incorporates the foregoing allegations.

41. The Defendant's violations of the MCDCA constitutes a violation of the Maryland Consumer Protection Act pursuant to Sec. 13-301 (14)(iii).

42. The defendant's acts that violate the FDCPA constitute unfair and/or deceptive trade practices. The Plaintiff and class members have been damaged by the Defendant's unfair or deceptive trade practices.

WHEREFORE, Plaintiff and Class Members pray that this court:

a. Certify this case as a class action with the named plaintiff as class representative and her attorneys as counsel on behalf of the class described herein;

b. Grant a money judgment in favor of the Plaintiff and the Class for violations of the MCPA in such amount as to be determined at trial and for

01/21/2010  12:38  4104949331  FRADKIN&WEBER, P.A.  PAGE  13/15

purposes of a sum certain, subject to further discovery as to the size of the class, the amount sought on behalf of the class is $10,000,000.00;

c. Award reasonable attorney's fees, litigation expenses and costs;

d. Provide such other or further relief as the Court deems appropriate.

### COUNT IV
### CLASS CLAIM UNDER THE FDCPA FOR ENGAGING IN COLLECTION ACTIVITIES WITHOUT A LICENSE.

43. Plaintiff incorporates the foregoing allegations.

44. Defendant failed to comply with the notice requirements under 15 U.S.C. § 1692g in its contact with the Plaintiff and class members.

45. Defendant has sent materials to consumers that failed to include the notice required by 15 U.S.C. Section 1692e (11).

46. The Defendant has violated the FDCPA by acting as a debt collector when it does not hold a license to do so in violation of 15 U.S.C. Section 1692e (5).

47. The Defendant's has violated the FDCPA by acting as a debt collector when it does not hold a license to do so in violation of 15 U.S.C. Section 1692f.

48. The FDCPA provides for statutory damages.

49. The Plaintiff and Class are entitled to statutory damages from the Defendant.

WHEREFORE, plaintiff prays that the Court enter judgment against the Defendant

for the following:

a. Statutory damages in the amounts allowed by the FDCPA up to $500,000.00;

b. Award reasonable attorney's fees, litigation expenses and costs;

c. Provide such other or further relief as the Court deems appropriate.

Respectfully submitted,

By: /s/
Scott C. Borison,
Janet Legg
Phillip Robinson
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick MD 21703
(301) 620-1016
borison@legglaw.com

Douglas B. Bowman
PO Box 503
Middletown MD 21769
(240) 566-6050
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

/s/
Scott C. Borison

-11-